UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. _____

VALLEY NATIONAL BANK d/b/a AGILE
PREMIUM FINANCE,

    Plaintiff,

v.

DUTTA HORSE TRANSPORTATION, INC. d/b/a
THE DUTTA CORPORATION, TRAVEL PLUS
PROMOTIONS, LLC, VENTURE PLUS
PROMOTIONS, LLC and WAYNE C. JENKINS,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Valley National Bank d/b/a Agile Premium Finance ("***Agile***"), by and through its undersigned counsel, Duane Morris LLP, brings this suit against Defendants Dutta Horse Transportation, Inc. d/b/a The Dutta Corporation ("***Dutta***"), Travel Plus Promotions, LLC ("***Travel Plus***"), Venture Plus Promotions, LLC ("***Venture Plus***"), and Wayne Jenkins ("***Jenkins***") (collectively, "***Defendants***"), and alleges as follows:

## INTRODUCTION

1. This multi-count action stems from a Commercial Insurance Premium Finance Agreement and Disclosure Statement ("***Premium Finance Agreement***" or "***PFA***") between Dutta as Borrower, Venture Plus as Agency, Jenkins as Agent, and Agile as Lender. Defendants' egregious failure to repay funds borrowed under the PFA is a clear violation of their contractual obligations. Defendants have not only defaulted on their repayment, but have also provided no

explanation regarding the use of the funds, raising serious concerns about their intentions and fiduciary duties.

2. Agile entered into the PFA under the reasonable expectation that Defendants would act in good faith and uphold their contractual commitments. Instead, Defendants have engaged in fraudulent behavior, deceiving Agile, and failing to disclose critical information regarding their financial dealings.

3. Based on Defendants' inequitable and deceitful conduct, Agile now seeks redress from this Court and full compensation for the losses and damages it has sustained.

## PARTIES, JURISDICTION, AND VENUE

4. This is a civil action seeking damages in excess of $75,000.00, exclusive of interest, costs, and attorneys' fees.

5. Dutta is a corporation formed under the laws of the State of New York with its principal place of business at 3260 Fairlane Farms Road, Suite 7, Wellington, Florida 33414.

6. Travel Plus was a Florida limited liability company with its principal place of business at 3260 Fairlane Farms Road, Suite 7, Wellington, Florida 33414. Travel Plus's sole member and manager is Venture Plus, which maintains its principal place of business in Wellington, Florida, and whose sole member and manger is Jenkins.

7. Venture Plus was a Florida limited liability company with its principal place of business at 3260 Fairlane Farms Road, Suite 7, Wellington, Florida 33414. Venture Plus's sole member and manger is CaptiveOne Services, LLC ("*CaptiveOne*"), a Delaware limited liability company, which maintains its principal place of business in Wellington, Florida, and whose sole member and manager is Jenkins.

8. Jenkins is an individual who is domiciled in Palm Beach County, Florida and is *sui juris*.

9. Valley National Bank ("*Valley*") is a New Jersey corporation with its principal place of business at 70 Speedwell Avenue, Morristown, New Jersey 07960. Agile is a division of Valley that engages in premium financing.

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C § 1332 as Valley and the Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

11. The Court has personal jurisdiction over the Defendants as the Defendants are all citizens of the State of Florida for jurisdictional purposes and, additionally, as to CaptiveOne, pursuant to Fla. Stat. § 48.193.

12. Venue is proper in the Southern District of Florida, West Palm Beach Division, pursuant to 28 U.S.C. § 1391 because the Defendants reside in this District and a substantial part of the events or omissions giving rise to Valley's claims occurred in this District.

13. All conditions precedent to the filing of this action have been performed, have occurred, or have otherwise been waived.

## FACTUAL ALLEGATIONS

*Relationship of the Parties*

14. Jenkins is the principal and beneficial owner of Venture Plus and Travel Plus.

15. Venture Plus provides specialized benefit and warranty programs in the equestrian industry. Venture Plus directly owns Travel Plus, and all clients of Travel Plus are essentially clients of Venture Plus.

16. Travel Plus offers an equestrian industry benefits program relating to equine transport.

17. Dutta, a direct client of Travel Plus, provides international and domestic horse air transport.

18. In the ordinary course of its business, Dutta enters into contracts with insurance companies to insure, among other things, horses and equipment against damage or injury while in transport to equestrian events. The premiums under such insurance policies often cost hundreds of thousands of dollars and necessitate short-term financing for payment. Accordingly, in conjunction with its insurance contracts, Dutta enters into agreements with companies that offer financing for premium payments while awaiting payment from its clients.

19. Agile, a division of Valley, provides such premium financing, allowing policyholders to pay their premiums under their insurance policies over time. In exchange, Agile receives interest and other finance charges.

20. Travel Plus and Venture Plus often serve as intermediary agents under these PFAs. In their capacity as agents under the PFA, Travel Plus and Venture Plus, among other things, introduce the insured to the PFA and directly receive advances under the PFAs to coordinate payment with the insurance company and establish insurance for the insured.

21. Travel Plus and Venture Plus served in such an intermediary agent capacity under the Dutta PFA (defined below).

22. In June of 2023, Defendants engaged Agile to provide insurance premium financing, which Agile provided in the amount of $231,759.75.

*The Insurance Premium Financing Agreement*

23. On June 11, 2023, Dutta, Venture Plus, and Travel Plus executed a PFA in the amount of $231,759.75 ("**Dutta PFA**"). A true and correct copy of the Dutta PFA is attached hereto as **Exhibit A**.

24. The relationship of the parties to the Dutta PFA is as follows: **Lender** (Agile); **Borrower** (Dutta); **Borrower's Agent** (Venture Plus); **Broker's Managing General Agency** (Travel Plus); **Guarantor** (Jenkins).

25. Jenkins, as owner of Travel Plus, signed the Dutta PFA as "Insured" and listed Travel Plus as Insurance Company Managing General Agency.

26. Similarly, Jenkins, on behalf of Venture Plus, also signed the Dutta PFA as "Agent or Broker."

27. Dutta is not a signatory on the Dutta PFA, but was listed as Borrower (Insured) on the Dutta PFA. Jenkins, Show Plus, and Travel Plus acted as Dutta's agent in signing the Dutta PFA and had actual or implied authority to enter into the Dutta PFA on behalf of Dutta.

28. The Dutta PFA provides, among other terms, that Agile shall advance funds to pay the insurance policies listed in the Dutta PFA in exchange for Dutta and/or Travel Plus's promise to repay the amount so advanced, plus interest and other finance charges.

29. Agile advanced all funds under the Dutta PFA to Venture Plus and Travel Plus for forwarding to Dutta's insurance company.

30. The Dutta PFA includes, among other things, a warranty from Venture Plus and Travel Plus, as the agent, that any amount received from Agile will be forwarded to the insurance company providing the policy.

31. Further, the Dutta PFA includes a warranty from Venture Plus and Travel Plus, as the agent, that (i) the agreement is valid, (ii) all signatures to the agreement are genuine, and (iii) all policies listed are correctly described and in full force and effect.

32. Venture Plus and Travel Plus, as agent, also agreed to hold harmless and indemnify Agile "against any losses, costs, fees, inclusive but not limited to Attorney's Fees, Court Costs, Collection Fees, and other reasonable costs incurred" by Agile as a result of a violation of any representation and warranty under the PFA or from the agent's error or omission.

33. Importantly, under the terms of the Dutta PFA, Agile is authorized to: (a) cancel the "Policies listed in the Schedule of Policies . . . for non-payment;" (b) "demand [the PFA] be paid in full . . . ;" and (c) "take any action, not prohibited by law, to collect payment of any unpaid amounts due." **Exhibit A**, ¶8.

34. Additionally, in connection with the Dutta PFA, Jenkins executed an Agent Guaranty Letter ("*the Dutta Guaranty Agreement*") on June 22, 2023, wherein Jenkins guaranteed the obligations and liabilities of Dutta, Travel Plus, and Venture Plus. A true and correct copy of the Dutta Guaranty Agreement is attached hereto as **Exhibit B**.

*The Insurance Premium Financing Agreement Defaults*

35. Defendants' initial payment under the Dutta PFA was due on July 1, 2023, with all subsequent payments due on the first day of each following month. Defendants, however, failed to make the requisite payments as agreed.

36. Consistent with its rights under the Dutta PFA, on or about September 6, 2023, Agile notified Dutta, Travel Plus, Venture Plus, and Jenkins of its intent to request cancellation of the financed insurance policies due to nonpayment (the "***Dutta Cancellation Notices***"). True and correct copies of the Dutta Cancellation Notices are attached hereto as **Composite Exhibit C**.

37. Similarly, on October 27 and November 3, 2023, Agile notified Dutta, Travel Plus, Venture Plus, and Jenkins of the default under the Dutta PFA, and its intent to accelerate all amounts owing under the Dutta PFA (the "***Dutta Demand Letters***"). True and correct copies of the Dutta Demand Letters are attached hereto as **Composite Exhibit D**.

38. In the Dutta Demand Letters, Agile declared that the amount due and owing as of October 2023 as $221,417.82, inclusive of finance charges, but not including late charges and costs of collection.

39. To date, Agile has not received any payments from the Defendants under the terms of the Dutta PFA.

***Defendants Misuse of the Financed Funds***

40. Agile entered into the Dutta PFA relying on Defendants' representations that the funds Agile was advancing would be used to pay Dutta's insurance policies.

41. Specifically, Agile relied on the representations of Jenkins, on behalf of ShowPlus and Travel Plus, and as agent for Dutta, that the funds advanced by Agile for Dutta's insurance policies would be paid back according to the terms set forth in the PFA.

42. However, upon information and belief, Defendants failed to fulfill their obligation to transfer funds to Dutta's insurance company as stipulated in the Dutta PFA.

43. Instead, Defendants misappropriated the money intended for Dutta's insurance premiums.

44. Plaintiff was forced to retain counsel to institute these legal proceedings and agreed to pay its counsel reasonable hourly fees for their work.

## COUNT I
## BREACH OF CONTRACT
### Against Dutta, Travel Plus, Venture Plus, and Jenkins

45. Agile re-alleges and incorporates paragraphs 1 through 44 as if fully set forth herein.

46. On or about June 11, 2023, Agile and Defendants entered into a valid and enforceable contract, the Dutta PFA, wherein Defendants agreed to borrow from Agile $231,759.75 in exchange for Dutta's promise to repay Agile with interest plus financing charges.

47. Venture Plus, as Dutta's Agency, and Jenkins, as Dutta's Agent, represented to Agile that the financed funds were to be transferred to Dutta's insurance companies in a timely manner to ensure proper coverage for Dutta.

48. Despite receiving the funds, Venture Plus and Jenkins failed to transfer the funds to the proper insurance companies, directly contradicting their representations and the terms of the Dutta PFA.

49. As the signatory and agent for Dutta, Travel Plus agreed to make monthly payments as shown in the Dutta PFA.

50. Defendants' first payment was due on July 1, 2023, with subsequent payments made on the first of each month.

51. Agile fulfilled all obligations required under the Dutta PFA, including advancing all amounts due under the PFA.

52. Dutta and Travel Plus failed to make the required payments under the Dutta PFA.

53. Despite Agile's notices of default and request for payment, Dutta failed to remedy this breach.

54. As of October 2023, the total amount due and owing is $221,417.82, inclusive of finance charges, but not including late charges and costs of collection

55. As a direct and proximate result of Dutta, Travel Plus, Venture Plus, and Jenkins' breach of the Dutta PFA, Agile has been damaged and continues to suffer damages in an amount to be determined at trial.

## COUNT II
## BREACH OF CONTRACT
### Against Jenkins

56. Agile re-alleges and incorporates paragraphs 1 through 44 as if fully set forth herein.

57. Following the execution of the Dutta PFA, on June 22, 2023, Jenkins executed the Dutta Guaranty Agreement wherein Jenkins guaranteed the obligations and liabilities of Dutta, Travel Plus, and Venture Plus under the Dutta PFA.

58. Pursuant to the Dutta Guaranty Agreement, Jenkins agreed to pay all balances for all accounts financed with Agile in the event Dutta defaulted under the terms of the Dutta PFA.

59. Dutta failed to make any payment to Agile as required under the terms of the Dutta PFA.

60. Jenkins failed to fulfill his contractual obligations under the Dutta Guaranty Agreement by not repaying the amount financed, despite repeated demands by Agile.

61. As a direct and proximate result of Jenkins' failure to pay, Agile has suffered financial harm and is entitled to recover the outstanding balance owed under the Dutta PFA. Despite Agile's notices of default and request for payment, Jenkins failed to remedy this breach.

62. As of October 2023, the total amount due and owing is $221,417.82, inclusive of finance charges, but not including late charges and costs of collection.

63. Agile has been damaged and continues to suffer damages as a direct and proximate result of Jenkins' breach of the Dutta Guaranty Agreement in an amount to be determined at trial.

**DUANE MORRIS LLP**
201 South Biscayne Boulevard · Suite 3400 · Miami · Florida 33131 ·Tel: 305.960.2200

## COUNT III
## UNJUST ENRICHMENT
### Against All Defendants

64. Agile re-alleges and incorporates paragraphs 3 through 19, 22, and 43-44 as if fully set forth herein.

65. Agile provided financing to Defendants totaling $231,759.75 under circumstances where it and Defendants understood that the financing was to serve as an advance to be paid to Dutta's insurance companies.

66. Defendants wrongfully took the funds for their own benefit and to the determent of Agile.

67. As a direct result of Defendants' actions, Defendants have been unjustly enriched at the expense of Agile. Defendants have retained the benefits derived from the funds without a legal justification or entitlement.

68. Based on their inequitable conduct, Defendants should not be permitted to retain the financed funds derived from the Dutta PFA or any other benefit they derived from abusing their relationship with Agile.

69. Agile has no adequate remedy at law related to Defendants' unjust enrichment available to it.

70. Agile has been damaged and continues to suffer damages as a direct and proximate result of Defendants' actions and it would be inequitable for Defendants to retain the benefits bestowed upon them by Agile without paying the fail value for the same.

## COUNT IV
## FRAUD
### Against Travel Plus, Venture Plus, and Jenkins

71. Agile re-alleges and incorporates paragraphs 1 through 44 as if fully set forth herein.

72. Travel Plus, Venture Plus, and Jenkins made material misrepresentations to Agile. Specifically, to induce Agile into providing insurance premium financing to Dutta, Travel Plus, Venture Plus, and Jenkins represented that Dutta would use the financed funds to pay Dutta's insurance policies listed in the Dutta PFA. However, the funds were never transferred to Dutta's insurance policies or used for its intended purpose.

73. Travel Plus, as signatory for Dutta, further represented and agreed to make monthly payments pursuant to the Dutta PFA.

74. These representations made by Travel Plus, Venture Plus, and Jenkins were false when made and were known to be false when made.

75. Travel Plus, Venture Plus, and Jenkins made the false statements to Agile for the express purpose of defrauding Agile and inducing Agile to agree to finance Dutta's insurance policies so that Agile would transmit the funds under Dutta PFA to Travel Plus, Venture Plus, and Jenkins, while they had no intention of utilizing the funds for the agreed purpose and instead sought to convert the funds in excess of $221,759.75 for their own use. However, the fact that the funds were never transferred to Dutta's insurance companies demonstrates intent to use the funds beyond what was represented to Agile.

76. Had Agile known the truth regarding Travel Plus, Venture Plus, and Jenkins' fraudulent intent and false representations, it never would have agreed to finance Dutta's insurance policies or enter into the Dutta PFA.

77. Travel Plus, Venture Plus, and Jenkins made the false representations with the sole intention of defrauding Agile for their own personal economic benefit.

78. Agile reasonably and justifiably relied upon Travel Plus and Venture Plus's representations.

79. As a direct and proximate result of the fraud by Travel Plus, Venture Plus, and Jenkins and Agile's reasonable reliance upon Travel Plus's, Venture Plus's, and Jenkins's false representations, Agile has been damaged and continues to suffer damages in an amount to be determined at trial.

## COUNT V
## CIVIL CONSPIRACY
### Against Travel Plus, Venture Plus, and Jenkins

80. Agile re-alleges and incorporates paragraphs 1 through 44 as if fully set forth herein.

81. Jenkins created Travel Plus and Venture Plus with the specific intent to form fraudulent business operations designed to mislead entities, such as Plaintiff, and obtain funds under false pretenses.

82. Jenkins, through Travel Plus and Venture Plus, conspired with Dutta to form a partnership. This collaboration was not a legitimate business venture but rather a coordinated effort to facilitate the deceptive scheme.

83. On June 11, 2023, the Travel Plus, Venture Plus, and Jenkins knowingly and willfully conspired and agreed among themselves to defraud Agile through several misrepresentations with regard to the Dutta PFA.

84. Defendants' primary objective was to represent to Plaintiff that the financed funds were to be used for Dutta's insurance when, in reality, Defendants' conspired amongst themselves to obtain the funds and utilize the money for alternative purposes.

85. In reasonable reliance upon such false representations, Agile financed $231,759.75 to Dutta for the intended purpose of paying Dutta's premium insurance policy. Instead, Travel Plus, Venture Plus, and Jenkins used the funds for their own personal use.

86. Travel Plus, Venture Plus, and Jenkins cooperated and did these acts pursuant to, and in furtherance of their conspiracy to defraud Agile of money through the purported loan. Indeed, Travel Plus, Venture Plus, and Jenkins never intended for Plaintiff's funds to be used for Dutta's insurance policies.

87. As a direct and proximate result of Travel Plus, Venture Plus, and Jenkins' wrongful acts alleged above, Agile has been damaged in an amount to be determined at trial.

## COUNT VI
## AIDING AND ABETTING FRAUD
### Against Travel Plus, Venture Plus, and Jenkins

88. Agile re-alleges and incorporates paragraphs 1 through 44 as if fully set forth herein.

89. As alleged herein, Jenkins committed a massive fraud on Agile by misrepresenting the use of the financed funds and misusing the funds.

90. Specifically, Jenkins created Travel Plus and Venture Plus with the intent to facilitate fraudulent business activities, knowing that these entities would be used to mislead and wrongfully obtain funds.

91. Jenkins, through Travel Plus and Venture Plus, partnered with Dutta, providing assistance and support in the formation of a partnership that was designed to perpetuate a fraudulent scheme. Each defendant, acting with full knowledge of the fraudulent purpose, assisted in the creation of this partnership to further the deceptive scheme.

92. The partnership sought financing from Agile. Jenkins knowingly and intentionally aided and abetted the others in this effort, helping to mislead Agile and present the fraudulent entities Travel Plus and Venture Plus as legitimate, in order to obtain financing under false pretenses. Dutta, in turn, assisted Jenkins in furthering the fraudulent scheme.

93. Jenkins, together with Dutta, acted in concert to facilitate the fraudulent scheme.

94. Defendants knowingly assisted in the presentation of false and misleading information to Agile, enabling the unlawful acquisition of funds.

95. Travel Plus and Venture Plus had actual knowledge of, or remained willfully blind to, the fraud, and lent substantial assistance to Jenkins by entering into the Dutta PFA.

96. Agile relied upon Defendants' fraudulent statements, leading to the execution of the Dutta PFA and the premium financing.

97. Defendants knew that the funds were not to be used for Dutta's insurance policies and that Defendants would not return the financed amount.

98. By making material misstatements and false representations, Jenkins, with the material assistance of Travel Plus and Venture Plus, misled Agile into entering the Dutta PFA.

99. As a direct and proximate result of Travel Plus and Venture Plus's wrongdoing, Agile has been damaged and continues to suffer damages in an amount to be determined at trial.

## COUNT VII
### DECLARATORY JUDGMENT
**Against Travel Plus, Venture Plus, and Jenkins**

100. Agile re-alleges and incorporates paragraphs 1 through 44 as if fully set forth herein.

101. This count is for a declaration that Jenkins is the alter ego of Travel Plus and Venture Plus, and therefore, Travel Plus and Venture Plus's corporate veil is subject to piercing, making Travel Plus and Venture Plus liable and accountable for its alter ego's improper, fraudulent, and unlawful conduct described herein.

102. At all material times hereto, Travel Plus and Venture Plus have been nothing more than a mere conduit for Jenkins' fraudulent schemes to defraud Agile, as described in detail herein.

103. Jenkins is the owner of Travel Plus and Venture Plus.

104. Jenkins created and incorporated Travel Plus and Venture Plus for the improper purpose of shielding Jenkins from litigation, evading obligations and defrauding financiers, including Agile, and avoiding the appearance of impropriety.

105. At all material times hereto, Travel Plus and Venture Plus functioned and operated for the presumably hidden purpose of lending Jenkins the credibility necessary for obtaining large sums of money for undisclosed purposes. In other words, Travel Plus and Venture Plus were used fraudulent and/or for the improper purpose of misleading financiers into "loaning" Jenkins money.

106. Jenkins dominated and controlled Travel Plus and Venture Plus to such an extent that Travel Plus and Venture Plus have no separate existence or will of its own. Indeed, Travel Plus and Venture Plus have no independent existence and Jenkins is in fact the alter ego of Travel Plus and Venture Plus.

107. Jenkins abused the limited liability form of Travel Plus and Venture Plus and exploited them for the improper purpose of defrauding Agile. The misconduct is readily apparent through the scheme established and perpetuated by Jenkins to swindle Agile out of the funds, and thereby reap the economic benefits of the arrangement of the Dutta PFA without honoring the corresponding obligations.

108. Travel Plus and Venture Plus were used by Jenkins to perpetrate fraud upon, including, but not limited to, Agile.

109. Agile has been damaged as a direct and proximate result of Jenkins' improper and fraudulent use of the limited liability form of Travel Plus and Venture Plus and Jenkins received economic benefit from the same.

## NOTICE OF ALLEGATIONS OF PUNITIVE DAMAGES

110. Agile re-alleges and incorporates paragraphs 1 through 109 as if fully set forth herein.

111. Defendants are liable for punitive damages pursuant to Florida Statute § 768.62, Florida Statutes, for their willful, reckless disregard of the rights of others, to unjustly and unlawfully enrich themselves, at the expense of Agile.

112. Defendants' unlawful, misleading, and deceptive business practices for the purpose of economic gain at the expense of others is reckless conduct that constitutes malice and fraud and evinces a conscious or reckless indifference to the rights and safety of others, including Agile and its clientele, which warrants the imposition of punitive damages against Defendants.

113. For the sake of example and by way of punishing Defendants, Agile seeks the imposition of punitive damages according to proof.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully request that the Court enter a judgment in their favor and against Defendants and, specifically:

A. Declare Jenkins is the alter ego of Travel Plus and Venture Plus;

B. Award compensatory damages in an amount to be determined at trial;

C. Award punitive damages in an amount to be determined at trial;

D. Award fees, costs, and expenses incurred in the prosecution of the present action, including reasonable attorney's fees;

E. Award prejudgment interest on all damages; and

F. Grant any other relief the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Agile demands a jury trial of all issues so triable.

Dated this 25th day of November, 2024.

*/s/ Julian A. Jackson-Fannin*
Julian A. Jackson-Fannin, Esq.
Florida Bar No. 93220
Anoosheh A. Shaikh, Esq.
Florida Bar No. 1039830
DUANE MORRIS LLP
201 South Biscayne Boulevard, Suite 3400
Miami, FL 33131-4325
Telephone: +1 305 960 2200
JJFannin@duanemorris.com
AShaikh@duanemorris.com
PNMendoza@duanemorris.com
JMagarin@duanemorris.com