UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 24-CV-81492-DSL

DUTTA HORSE TRANSPORTATION, INC.,

    Cross-Claimant,

vs.

WAYNE JENKINS,
TRAVEL PLUS PROMOTIONS, LLC,
VENTURE PLUS PROMOTIONS, LLC,

    Cross-Defendants

_____/

## REPORT AND RECOMMENDATION ON CROSS-CLAIMANT'S MOTIONS FOR DEFAULT JUDGMENT [ECF Nos 54, 57]

Cross-claimant Dutta Horse Transportation, Inc., wants default judgments against Wayne Jenkins, Venture Plus Promotions, LLC, and Travel Plus Promotions, LLC (collectively "the Cross-Defendants") on its crossclaims. ECF No. 54 (motion), 57 (renewed motion). As explained below, the Clerk's defaults against these defendants on the crossclaims were entered in error, so they should be vacated and the Motion for Default Judgment should be DENIED.

The Cross-Defendants and Dutta were jointly sued by Valley National Bank d/b/a Agile Premium Finance. ECF No. 1. Dutta filed eight crossclaims against the Cross-Defendants. ECF No. 43. After the Cross-Defendants did not respond, Dutta moved for Clerk's defaults. ECF No. 50. In its motion, Dutta said:

> 2.      The Crossclaim was mailed to Jenkins, who is also the Manager of Travel Plus and Venture Plus, via Priority U.S. Mail, tracking # 9405511206206569358980, on March 13, 2024.  On March 15, 2025, the Crossclaim was delivered to Jenkins at 14745 Morgan Close, Wellington, Florida 33414 [See Composite Exhibit 1], which was the same address that Jenkins, Travel Plus and Venture Plus had all been served the Summonses and initial Complaints in this matter according to the Returns of Service. [DE 6, 14, and 15].
>
> 3.      On March 12, 2025 copies of the Crossclaim were also mailed via Priority U.S. Mail to Travel Plus and Venture Plus at addresses taken from their most recent Florida Secretary of State filings.  [DE 43 * 24]. The mailings to Travel Plus and Venture Plus were returned.
>
> 4.      To date, all of the aforesaid Defendants have failed to appear, answer, or otherwise plead to the Crossclaim [DE 43] filed herein within the time required by law.
>
> 5.      Correspondence was received on April 10, 2025 from an attorney purporting to represent Jenkins, responding to a Civil Theft Notification letter previously sent to Jenkins at the same Morgan Close address, so clearly mail is being received by Jenkins at the Morgan Close address.

ECF No. 50 at 2 (brackets in original). Clerk's defaults were entered against the Cross-Defendants on Dutta's claims. ECF No. 51.

A default judgment cannot be entered without a proper default. Federal Rule of Civil Procedure 55(a) says, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). But, a Clerk's default cannot be entered against a party who was not properly served. *See, e.g., Houraney v. Schley*, No. 08-80837-CIV, 2009 WL 507032, at *1 (S.D. Fla. Feb. 27, 2009) ("Unless and until the Defendants are properly served in accordance with the applicable Federal Rules of Civil Procedure, none of the named Defendants

is a party to this action.). So, where proper service was not made, the Clerk's default must be set aside. *See* Fed. R. Civ. P. 55(c).

Federal Rule of Civil Procedure 5(a)(2) controls service of a crossclaim on a party who did not appear in response to the complaint. It says, "[A] pleading that asserts a new claim for relief against [a non-appearing] party must be served on that party under Rule 4." Fed. R. Civ. P. 5(a)(2). Here, Dutta says it served the crossclaim by mailing it to Mr. Jenkins, who is the Manager of Travel Plus and Venture Plus. Other courts have held that mailing is not adequate service of a crossclaim for purposes of defaulting a cross-defendant. *See Tiger v. Gator's Dockside of Dr. Phillips, Inc.,* No. 619CV1935ORLCEMDCI, 2019 WL 13246536, at *1–2 (M.D. Fla. Dec. 26, 2019); *First Tuskegee Bank v. Milner*, No. 2:10-CV-463-WKW, 2011 WL 1642371, at *4 (M.D. Ala. May 2, 2011).

On August 12, 2025, I issued an Order to Show Cause why the Clerk's defaults should not be vacated. ECF No. 68. The deadline to respond was 5:00 p.m. Eastern on August 22, 2025. *Id.* at 4.  No timely response was filed.

WHEREFORE, it is RECOMMENDED that the Clerk's defaults [ECF No. 51] be VACATED and the Motions for Default Judgment [ECF Nos. 54, 57] be DENIED WITHOUT PREJUDICE.

### NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable David S. Leibowitz, United States District

Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 25th day of August 2025.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE