UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 24-CV-81492-DSL

DUTTA HORSE TRANSPORTATION, INC.,

        Cross-Plaintiff,

vs.

WAYNE JENKINS,
TRAVELPLUS PROMOTIONS, LLC,
VENTURE PLUS PROMOTIONS, LLC,

        Cross-Defendants.

_____/

## REPORT AND RECOMMENDATION ON MOTION FOR FINAL DEFAULT JUDGMENT [ECF No. 100]

Cross-plaintiff Dutta Horse Transportation ("Dutta") moves for a final default judgment against Wayne Jenkins, Travel Plus Promotions, LLC, and Venture Plus Promotions, LLC (collectively the "Defendants") on all of its crossclaims. It is RECOMMENDED that the motion be DENIED.

### I.     BACKGROUND

This case involves diversion of loan funds. Dutta brings claims for common law fraud (Count I), Florida Deceptive and Unfair Trade Practices ("FDUTPA")(Count II), civil theft (Count III), indemnification (Count IV), unjust enrichment (Count V), civil conspiracy (Count VI), conversion (Count VII) and declaratory judgment (Count VIII). ECF No. 43.

The cross-complaint was properly served on each Defendant. ECF Nos. 90 (Jenkins), 92 (Travel Plus), 93 (Venture Plus). The clerk entered defaults against all three. ECF No. 96. Dutta now moves for a final default judgment. ECF No. 100.

## II. DEFAULT JUDGMENT

After entry of a clerk's default, the court may enter default judgment against the defendant. Fed R. Civ. P. 55(b)(2). When default judgment is entered, "the defendant 'admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.'" *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

A court must review the sufficiency of the complaint before determining whether a moving party is entitled to default judgment pursuant to Rule 55(b). *See United States v. Kahn*, 164 F. App'x 855, 858 (11th Cir. 2006) (citing *Nishimatsu*, 515 F.2d at 1206). The Eleventh Circuit has explained that this standard is "akin to that necessary to survive a motion to dismiss for failure to state a claim." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015). "'While a complaint . . . does not need detailed factual allegations,' a plaintiff's obligation to provide the grounds of his entitlement to relief 'requires more than labels and conclusion, and a formulaic recitation of the elements of the cause of action will not do.'" *Fernandez de Cordoba v. Flores*, No. 17-cv-20122, 2018 WL 1830805, at *2 (S.D. Fla. Jan. 10, 2018)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), *report and recommendation adopted*, 2018 WL 1811945 (S.D. Fla. Feb. 9, 2018).

Nor can a claim rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557 (bracket in original)). Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the claim are true (even if doubtful in fact). *Twombly*, 550 U. S. at 555 (citations omitted).

"To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U. S. at 570). In addition, "courts may infer from the factual allegations in the complaint obvious alternative explanations, which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Assoc. v. Cigna Corp.*, 605 F. 3d 1283, 1290 (11th Cir. 2010) (citing *Iqbal*, 556 U. S. at 682). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U. S. at 678 (quoting *Twombly*, 550 U. S. at 557).

When evaluating a motion to dismiss under Rule 12(b)(6):

[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

3

*Iqbal,* 556 U. S. at 679. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* If the factual allegations in a complaint are inconsistent with its exhibits, the exhibits control. *Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 514 (11th Cir. 2019).

"[W]hile a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, he is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Cotton v. Mass. Mut. Life Ins. Co.,* 402 F.3d 1267, 1278 (11th Cir. 2005) (alteration omitted) (quotation marks omitted), *cited in Surtain,* 789 F.3d at 1245.

> Thus, before entering a default *judgment* for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought.

*Tyco Fire & Sec., LLC v. Alcocer,* 218 F. App'x 860, 863 (11th Cir. 2007) (citations omitted) (emphasis in original).

If the admitted facts are sufficient to establish liability, the Court must then turn to the question of relief. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1364 n.27 (11th Cir. 1997). After ascertaining the appropriate damages, the Court must enter final judgment. *Salerno v. TopDoc Clinics Mia., LLC*, No. 23-cv-23882, 2024 WL 2277794, at *5 (S.D. Fla. Apr. 30, 2024) (citation omitted), *report and recommendation adopted*, 2024 WL 2273374 (S.D. Fla. May 20, 2024). The default judgment cannot "differ in kind from, or exceed in amount, what is demanded in the

pleadings." Fed. R. Civ. P. 54(c). The Court can consider evidence outside the admitted allegations in the complaint only "when, to enter or effectuate judgment, it needs to:

(A) Conduct an accounting

(B) Determine the amount of damages

(C) Establish the truth of any allegation by evidence; or

(D) Investigate any other matter."

Fed. R. Civ. P. 55(b)(2).

Dutta has not requested an evidentiary hearing to supplement the record.

## III.   WELL-PLED FACTS

Wayne Jenkins is the sole member of CaptiveOne Services, LLC ("CaptiveOne"), which is the sole member of Venture Plus Promotions, LLC ("Venture Plus"), which in turn is the sole member of Travel Plus Promotions, LLC ("Travel Plus"). ¶¶6-8.[1] CaptiveOne, Travel Plus and Venture Plus offer captive insurance services, including premium financing. ¶¶16-17. Dutta never authorized Jenkins, Travel Plus or Venture Plus to obtain premium financing for Dutta or Dutta's clients. ¶19.

Nonetheless, on or about June 11, 2023, Jenkins, Travel Plus, and Venture Plus entered into a premium financing agreement (the "PFA") with Agile, a division

---

[1] Unless otherwise noted, citations to "¶" are to the Cross-Complaint, Docket Entry 43.

of Valley National Bank, purportedly for Dutta. ¶20. Dutta did not authorize nor consent to the PFA. ¶21. Jenkins signed the PFA on behalf of Dutta. ECF No. 43-1 at 2. Agile then paid $231,759.75 to Jenkins. ¶22. Dutta did not receive any of the money. ¶23.

On or about October 17, 2023, Dutta received a Notice of Default ("Notice") from Agile. ¶24. The Notice was the first time Dutta learned about the PFA. *Id.*

On or about December 14, 2023, Agile sued Dutta in this case. ¶26; ECF No. 1. Dutta hired counsel and expended funds to defend itself. ¶27. On or about June 13, 2025, Agile voluntarily dismissed Dutta from this case, without prejudice. ECF Nos. 56, 66.

## IV.   DISCUSSION

Dutta filed its cross-claims before it was dismissed as a defendant. There is no evidence in the record that, other than litigation expenses, Dutta has suffered any loss of money. Moreover, there is no evidence that Agile is trying, or presently intends to try, to recover from Dutta the money that was stolen by Defendants.

*A. Count I (Fraud)*

Count I alleged common law fraud against all Defendants. Dutta's theory was that Defendants lied to Agile to get its money and that Agile was trying to recover that money from Dutta. ¶¶30-33.

The elements of a cause of action for fraud are:

(1) a false statement of fact; (2) known by the person making the statement to be false at the time it was made; (3) made for the purpose

6

of inducing another to act in reliance thereon; (4) action by the other person in reliance on the correctness of the statement; and (5) resulting damage to the other person.

*Perry v. Cosgrove,* 464 So.2d 664, 666 (Fla. 2d DCA 1985).

Count I fails to state a claim for fraud. There is no evidence that Defendants made a false representation to Dutta or that Dutta acted in reliance on any false representations by Defendants.

### B. Count II (FDUTPA)

Count II alleges a FDUTPA violation. FDUTPA prohibits "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. §501.204.

The elements of a FDUTPA claim are: "(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *E.g., Kia Motors Am. Corp. v. Butler*, 985 So.2d 1133, 1140 (Fla. 3d DCA 2008). Actual damages do not include consequential damages. *Casa Dimitri v. Invicta Watch Co. of Am.*, 270 F. Supp. 3d 1340, 1352 (S.D. Fla. 2017). Consequential damages "are those that do not *necessarily* result from the wrong or breach of contract complained of, or which the law does not imply as a result of that injury, even though they might naturally and proximately result from the injury." *Land Title of Cent. Fla., LLC v. Jimenez,* 946 So.2d 90, 93 (Fla. 5th DCA 2006) (emphasis in original) *cited in JP Morgan Chase Bank N.A. v. Colletti Invs., LLC,* 199 So. 3d 395, 398–99 (Fla. 4th DCA 2016). "There are only two possible ways to measure actual damages in a FDUTPA claim: (1) the value between what was promised and what was delivered; or (2) the total price paid for a valueless good or

service." *HRCC, Ltd. v. Hard Rock Cafe Int'l (USA), Inc.,* 302 F. Supp. 3d 1319, 1323 (M.D. Fla. 2016) (citation omitted), aff'd, 703 F. App'x 814 (11th Cir. 2017).

Here, the only damages suffered by Dutta are the costs of having to litigate this case. Attorneys' fees and costs are consequential damages. *Beautiful Outdoors, LLC v. Torres,* 408 So. 3d 1, 4 (Fla. 4th DCA 2025). They cannot be recovered under FDUTPA. Count II fails to state a claim under FDUTPA.

### C.  Count III (Civil Theft)

Count III alleges civil theft under Florida Statute § 772.11. That statute provides treble damages if the plaintiff proves by clear and convincing evidence that the defendant committed a criminal theft. *Omnipol, A.S. v. Worrell*, 421 F. Supp. 3d 1321, 1346 (M.D. Fla. 2019). A defendant commits criminal theft when it (1) knowingly (2) obtains or uses, or endeavors to obtain or use, a plaintiff's property with (3) "felonious intent" (4) either temporarily or permanently (a) to deprive that plaintiff of its right to or a benefit from the property or (b) to appropriate the property to defendant's own use or to the use of any person not entitled to the property. *United Technologies Corp. v. Mazer,* 556 F.3d 1260, 1270 (11th Cir. 2009).

Count III fails to state a claim for civil theft. There is no evidence, let alone clear and convincing evidence, that Defendants took any property belonging to Dutta.

### D.  Count IV (Indemnification)

Count IV asks for indemnification for "any sums which Dutta is compelled to pay Agile under the Complaint, as well as for attorney's fees and costs incurred by

Dutta in defending the within Complaint and brining [sic] such other claims as Dutta finds necessary to protect and vindicate its interests herein." ¶74.

> To plead a cause of action for common law indemnity in Florida, the party seeking indemnity must allege three elements: "1) that he is wholly without fault; 2) that the party from whom he is seeking indemnity is at fault; and 3) that he is liable to the injured party only because he is vicariously, constructively, derivatively, or technically liable for the wrongful acts of the party from whom he is seeking indemnity."

*Fla. Peninsula Ins. Co. v. Ken Mullen Plumbing, Inc.,* 171 So. 3d 194, 196 (Fla. 5th DCA 2015) (citations omitted).

More fundamentally, this Court lacks subject matter jurisdiction over Count IV because it is not ripe. Article III of the constitution limits the judicial power of the federal courts to cases or controversies arising under the laws of the United States. "This case-or-controversy requirement comprises three familiar 'strands': (1) standing, (2) ripeness, and (3) mootness." *Gardner v. Mutz,* 962 F.3d 1329, 1336 (11th Cir. 2020) (citations omitted). "[R]ipeness doctrine is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." *Reno v. Cath. Soc. Servs., Inc.,* 509 U.S. 43, 58 n. 18 (1993). As the Eleventh Circuit has explained:

> A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all. Even when a ripeness question in a particular case is prudential, [a court] may raise it on [its] own motion, and cannot be bound by the wishes of the parties.

*Lozman v. City of Riviera Beach, Fla.*, 119 F.4th 913, 917 (11th Cir. 2024) (brackets in original) (quotations and citations omitted); *Arbaugh v. Y&H Corp.*, 546 U.S. 500,

9

506 (2006) (lack of subject matter jurisdiction may be raised by a federal court on its own initiative at any stage of litigation).

The allegations in Count IV, rely on "contingent future events that may not occur as anticipated or indeed may not occur at all." *Lozman,* 119 F.4th at 917. For that reason, this Court lacks subject matter jurisdiction over Count IV.[2]

### E. Count V (Unjust Enrichment)

Count V fails to state a claim for unjust enrichment.

> The essential elements of a claim for unjust enrichment are: (1) a benefit conferred upon a defendant by the plaintiff, (2) the defendant's appreciation of the benefit, and (3) the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof.

*Mazer,* 556 F.3d at 1270 (citing *Rollins, Inc. v. Butland*, 951 So.2d 860, 876 (Fla. 2d DCA 2006)). There is no evidence that Dutta conferred a benefit on Defendants. The funds obtained by Defendants came from Agile pursuant to the PFA. Dutta disavows any knowledge or involvement in the PFA.

### F. Count VI (Civil Conspiracy)

Count VI fails to state a claim for civil conspiracy. To establish such a claim, a plaintiff must prove: (a) an agreement between two or more parties; (b) to do an unlawful act or to do a lawful act by unlawful means; (c) the doing of some overt act

---

[2] Count IV also fails because Dutta's indemnity claim (if any) has not yet accrued. "[I]n general, a claim for indemnification does not accrue until a judgment has been rendered against an indemnitee. *See, e.g., Allstate Ins. Co. v. Metro. Dade Cnty.,* 436 So. 2d 976, 978 (Fla. 3d DCA 1983) *cited in Garcia v. Myrtil,* 404 So. 3d 436, 438 (Fla. 3d DCA 2023).

in pursuance of the conspiracy; and (d) damage to plaintiff as a result of the acts performed pursuant to the conspiracy. *Love v. Jackson*, No. 15-CV-251446, 2015 WL 11237645, at *6 (S.D. Fla. Oct. 22, 2015).  Count VI alleges multiple illegal acts. ¶¶ 99-102. Here, the alleged coconspirators are Jenkins, Venture Plus, Travel Plus, CaptiveOne, and multiple employees of CaptiveOne.

There are no well-pled factual allegations that the employees of CaptiveOne participated in a conspiracy.  The only reference to them is in paragraph 98 of the crossclaim, where they are identified. There are no facts describing what they allegedly did. There is only a conclusory statement that they "acted in concert with" one another, and with CaptiveOne and the Defendants. This statement is merely a naked assertion devoid of factual development. It is insufficient to plausibly allege that they participated in a conspiracy.

Even if the crossclaim did plausibly allege that the CaptiveOne employees conspired with CaptiveOne and the Defendants, that claim would be barred by the intracorporate conspiracy doctrine:

> That doctrine forecloses an "actionable conspiracy between an entity and its officers or agents." *Hoon v. Pate Const. Co.,* 607 So. 2d 423, 430 (Fla. 4th DCA 1992). This is because "[a] conspiracy requires the combination of two or more persons—a meeting of two independent minds intent on one purpose." *Cedar Hills Props. Corp. v. E. Fed. Corp.*, 575 So. 2d 673, 676 (Fla. 1st DCA 1991). Where corporate agents are acting within the scope of their employment, their actions "are attributed to the corporation itself, thereby negating the multiplicity of actors needed for a conspiracy." *HRCC, Ltd. v. Hard Rock Cafe Int'l (USA), Inc.*, 302 F. Supp. 3d 1319, 1325 (M.D. Fla. 2016).

11

*Weisman v. S. Wine & Spirits of Am., Inc.*, 297 So. 3d 646, 652 (Fla. 4th DCA 2020). For this reason, an LLC cannot conspire with its managing member. *In re Palm Ave. Partners,* LLC, 611 B.R. 457, 482 (Bankr. M.D. Fla. 2019), *aff'd in part, vacated in part on other grounds, remanded sub nom. Cramer v. Palm Ave. Partners, LLC,* 672 B.R. 517 (Bankr. M.D. Fla. 2025). And, "subsidiaries of parent corporations are not generally considered separate legal entities for the purpose of the intra-corporate conspiracy doctrine." *Rossi v. Darden,* No. 16-21199, 2016 WL 11501449, at *8 (S.D. Fla. July 19, 2016); *see also Copperweld Corp. v. Indep. Tube Corp.,* 467 U.S. 752, 770 (1984) (finding that a parent corporation and its wholly owned subsidiary were not legally capable of conspiring with each other because "there can be little doubt that the operations of a corporate enterprise organized into divisions must be judged as the conduct of a single actor ... [f]or similar reasons, the coordinated activity of a parent and its wholly owned subsidiary must be viewed as that of a single enterprise....").

So, to summarize, Defendants cannot conspire with each other or with CaptiveOne because Jenkins is the sole member of CaptiveOne, which is the sole member of Venture Plus, which in turn is the sole member of Travel Plus. CaptiveOne cannot conspire with its own employees. And, the Cross-Complaint does not plausibly allege that the employees participated in a conspiracy.

For all these reasons, Count VI fails to state a claim.[3]

_____

[3] I do not reach the issue of whether Count VI plausibly alleges a predicate crime as the object of the alleged conspiracy.

*G. Conversion (Count VII)*

Count VII fails to state a claim for conversion. As the Eleventh Circuit explained in *Mazer*:

> Conversion is an "act of dominion wrongfully asserted over another's property inconsistent with his ownership therein." *Thomas v. Hertz Corp.,* 890 So.2d 448, 449 (Fla. 3d DCA 2004) (quotation omitted). The tort "may occur where a person wrongfully refuses to relinquish property to which another has the right of possession," and it "may be established despite evidence that the defendant took or retained property based upon the mistaken belief that he had a right to possession, since malice is not an essential element of the action." *Seymour v. Adams,* 638 So.2d 1044, 1047 (Fla. 5th DCA 1994) (citations omitted).

556 F.3d at 1270. Dutta does not allege, nor is there evidence, that it had a right to possess the money paid to Defendants. Here, again, Dutta disavows any connection to the PFA, which was the basis for Agile paying Defendants.

*H. Count VIII (Declaratory Judgment)*

Finally, in Count VIII, Dutta seeks a declaratory judgment that (1) Defendants "jointly and severally, are responsible to Dutta to repay Agile, or indemnify Dutta to do so, the $231,759.75 in premium financing fraudulently obtained under the" PFA, (2) Defendants, jointly and severally, are responsible for paying any attorneys' fees or costs that Dutta might have to pay Agile, and (3) Defendants, jointly and severally, are responsible for paying Dutta's attorneys' fees and costs incurred in litigating this case. ECF No. 43 at 22.

The Declaratory Judgment Act provides that a federal court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. "[A] declaratory judgment serves to clarify the legal relations and is

not for the purpose of making factual determinations." *Medmarc Cas. Ins. Co. v. Pineiro & Byrd PLLC*, 783 F. Supp. 2d 1214, 1216 (S.D. Fla. 2011).

The Court has "unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995), *cited in MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 136 (2007). That discretion is "exceptionally broad." *Otwell v. Ala. Power Co.*, 747 F.3d 1275, 1280 (11th Cir. 2014). The Declaratory Judgment Act:

> confers a discretion on the courts rather than an absolute right upon the litigant. When all is said and done, ... "the propriety of declaratory relief in a particular case will depend upon a circumspect sense of its fitness informed by the teachings and experience concerning the functions and extent of federal judicial power."

*Wilton*, 515 U.S. at 287 (citations omitted).

> Consistent with the foregoing precepts, the Eleventh Circuit has affirmed a district court's discretion to "decline to entertain a declaratory judgment action on the merits when a pending proceeding in another court will fully resolve the controversy between the parties." *Ven–Fuel, Inc. v. Dep't of the Treasury*, 673 F.2d 1194, 1195 (11th Cir. 1982) (citations omitted). A district court can abuse its discretion if it: "(1) fails to consider a relevant factor that should have been given significant weight, (2) considers and gives significant weight to an irrelevant or improper factor, or (3) considers all proper factors, and no improper [factors] ... but ..., in weighing those factors, commits a clear error of judgment." *First Mercury Ins. Co. v. Excellent Computing Distribs., Inc.*, 648 Fed.Appx. 861, 865 (11th Cir. 2016) (alterations in original; internal quotation marks and citation omitted).

*Mid-Continent Cas. Co. v. Northstar Homebuilders, Inc.,* 297 F. Supp. 3d 1329, 1334 (S.D. Fla. 2018).

14

Dutta is not entitled to a declaration that it can recover its attorneys' fees. Because Dutta is not entitled to default judgment on any of its substantive claims, it is not a prevailing party and is not entitled to attorneys' fees.

For the same reasons discussed above, it is premature for this Court to declare whether Defendants are required to indemnify Dutta in the event Agile (1) tries to recover the stolen funds from Dutta and/or (2) tries to recover attorneys' fees from Dutta.

For all these reasons, the District Court should decline to enter a declaratory judgment.

## V.   CONCLUSION

Given the undisputed fact that Defendants did not obtain any money that belonged to Dutta, the factual shortcomings of Counts I, II, III, V, and VII cannot be overcome. Similarly, Count VI fails as a matter of law because of the intracorporate conspiracy doctrine. All of these counts should be dismissed with prejudice. Count IV fails for lack of subject matter jurisdiction, so it must be dismissed without prejudice. *Dupree v. Owens*, 92 F.4th 999, 1007 (11th Cir. 2024). Count VIII also should be dismissed without prejudice because it is possible that Agile may make a future claim against Dutta.

## RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the District Court:

1.  DENY the motion for default judgment.

2.  DISMISS Crossclaims I, II, III, V, VI, and VII with prejudice.

3.  DISMISS Crossclaims IV and VIII without prejudice.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable David S. Leibowitz, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 30th day of March 2026.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE

16